

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 23, 1952

Hon. Andrew P. Johnson　　　Opinion No. V-1565
County Attorney
Dimmit County　　　　　　　Re: Authority of the Commis-
Carrizo Springs, Texas　　　　sioners' Court to accept
　　　　　　　　　　　　　　　the higher of two bids on
　　　　　　　　　　　　　　　the purchase of a dump
　　　　　　　　　　　　　　　truck costing more than
Dear Sir:　　　　　　　　　　$2,000.

　　　　　Your request for an opinion presents the fol-
lowing facts:

　　　　　"At the regular meeting of the Commis-
　　　sioners' Court of the County of Dimmit held
　　　on October 13, 1952, the Court instructed
　　　the County Judge to make the proper adver-
　　　tisement for bids for the purchase of a
　　　dump truck to fill the need of Precinct
　　　Number Two. Advertisement was made on
　　　October 16th and October 23rd, 1952, set-
　　　ting out the specifications the truck must
　　　meet and stating that the bids would be
　　　opened on November 10, 1952.

　　　　　"The Commissioners' Court met in its
　　　regular meeting for the month of November on
　　　November 10, 1952. Two bids on the dump
　　　truck had been received and were opened.
　　　The companies making the bids and the amount
　　　of each bid are as follows:

　　　　　"Al Vivian Chevrolet Company, Carrizo
　　　Springs, Texas, bid $2,245.00.

　　　　　"Anderson-Weydell Motors, Inc., Carrizo
　　　Springs, Texas, bid $2,470.00.

　　　　　"Both bids meet the specifications re-
　　　quired, and both bidders are responsible."

　　　　　The following order of the Commissioners' Court
was entered on November 10, 1952:

"On this the 10th day of November, 1952 the Commissioners' Court met in regular session with all members present as follows:

Terrell B. Kellogg, County Judge, presiding
Roy C. Jones, Commissioner Precinct No. 1
H. H. Herrington, Commissioner Precinct No. 2
C. W. Barker, Commissioner Precinct No. 3
J. L. Hester, Commissioner Precinct No. 4
Andrew P. Johnson, County Attorney
L. D. White, County Treasurer

"The following business was attended to-wit:

"IV. BIDS OPENED FOR PRECINCT 2 EQUIP-MENT (one 1952 Model 2 Ton Truck Chassis and cab-etc.)

"Notice to Bidders having been duly published in the Carrizo Springs Javelin, the following bids were received and opened in open Commissioners' Court:

Al Vivian Chevrolet Company......$2245.00
Anderson-Weydell Motors, Inc.....$2470.00

"A motion was made by Commissioner H. H. Herrington that Anderson-Weydell Motors, Incorporation bid be accepted, it being the opinion of the Court that the Ford Truck is the most suitable for the type of work to be done. Motion was seconded by Commissioner J. L. Hester and carried unanimously.

"There being no further business, Court was adjourned.

ATTEST /s/ Gay Hines
       Gay Hines, County Clerk

APPROVED /s/ Terrell B. Kellogg
         Terrell B. Kellogg, County Judge"

Based on the above mentioned facts, you ask:

"1. Under the facts of this case, is the County of Dimmit required by law to let the contract to the lowest bidder?

"2. Under what circumstances, if any, can a county reject the lowest bid in favor of a higher bid?

"3. Under what circumstances, if any, can a county reject all bids?

"4. In the event all bids are rejected, does a county have the authority to again advertise for bids and make new specifications?"

The purchase outlined in your request is governed by the provisions of Article 2368a, Vernon's Civil Statutes. Att'y Gen. Ops. V-285 (1947) and V-600 (1948). Section 2 of Article 2368a provides in part:

"No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand ($2,000.00) Dollars or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids. Notice of the time and place when and where such contracts shall be let shall be published in such county (if concerning a county contract or contracts for such subdivision of such county) and in such city, (if concerning a city contract), once a week for two (2) consecutive weeks prior to the time set for letting such contract, the date of the first publication to be at least fourteen (14) days prior to the date set for letting said contract; and said contract shall be let to the lowest responsible bidder. The court and/or governing body shall have the right to reject any and all bids, and if the contract is for the construction of public works, then the successful bidder shall be required to give a good and sufficient bond in the full amount of the

contract price, for the faithful performance
of such contract, executed by some surety
company authorized to do business in this
State in accordance with the provisions of
Article 5160, Revised Statutes of 1925, and
amendments thereto." (Emphasis added.)

Article 2368a requires that the contract be
let "to the lowest responsible bidder". The phrase
"lowest responsible bidder" has a well defined meaning.
For a collection of cases see 25 Words and Phrases
(Perm. Ed. 1940) 714. In determining the lowest respon-
sible bidder the commissioners' court is not performing
a mere ministerial duty but is exercising a duty which
is deliberative and discretionary. Att'y Gen. Op. V-
1536 (1952). The commissioners' court may take into
consideration the quality of the product, the adapt-
ability to the particular use required, and the ability,
capacity, experience, efficiency and integrity of the
bidders as well as their financial responsibility.
Mitchell v. Walden Motor Company, 235 Ala. 34, 177 So.
151 (1937); Kelling v. Edwards, 116 Minn. 484, 134
N.W. 221 (1912); People v. Kent, 160 Ill. 655, 43 N.E.
750 (1896); Picone v. City of New York, 29 N.Y.S. 2d
539 (1941); Hodgeman v. City of San Diego, 53 Cal.
App. 2d 610, 128 P. 2 412 (1942).

The Supreme Court of Alabama, in considering
a similar question to the one involved in your request,
stated in Mitchell v. Walden Motor Company:

"That the notice of purchase was posted
and published the required length of time
and by registered mail forwarded to three
dealers in such material, as provided by the
amended act, appears not to be controverted.
And that the substance of the notice like-
wise meets the act's requirements we think
quite clear. It called for sealed bids on
'two one and one-half ton trucks, short wheel
base, chasis with cab, with dual rear wheels,
equipped with 30x5-8 ply tires on rear and
600-20 balloon tires on front.' Clearly, no
provision of the act demanded that the notice
name the manufacturer of the truck desired

to be purchased as complainants argue. This the commissioners may well determine after receiving bids on various makes of trucks. In the instant case, the road supervisor by his affidavit discloses he favored the Chrevolet over the Ford, and gives his reasons as economy in operation and dura- bility of service. The commissioners evidently deferred to his judgment in the matter, and purchased the Chevrolet trucks at a cost of $179.50 more than the bid of the Ford dealer, one of these complainants, after first eliminating from consideration the bids of the Dodge and other dealers in trucks.

"Complainant Walden Motor Company was the Ford dealer offering the lowest bid, and it is insisted the statute was violated for the reason that its bid was not accepted and the Chevrolet bought for a higher price. To accept this contention would lead also to the conclusion that in advertising for bids the make of manufacture must be given and the purchase confined thereto, a theory which we have repudiated as not within any requirements of the act. In determining who is the lowest responsible bidder, the proper authorities may take into consideration the quality of the materials as well as their adaptability to the particular use required. 44 Corpus Juris 342. A very apt illustration is found in West v. City of Oakland, 30 Cal. App. 556, 159 P. 202, where was involved the purchase of a locking device for the jail; the court holding that: 'The honest exercise of discretion of a city council, in considering the adaptability to use required of goods offered, in determining who is the lowest responsible bidder under a charter calling for award of public works contract to such bidder, is not reviewable.'

"So far as here appears, there was such honest exercise of discretion in the instant case. There is no charge of bad faith. The county authorities merely preferred the one make of truck over the other, and were

willing to pay the difference as they viewed it in the exercise of their honest judgment. Clearly, in the exercise of such discretion, the courts cannot interfere." (Emphasis added.)

The facts presented in your inquiry reveal that the Commissioners' Court determined that the Anderson-Weydell Motors, Inc. was the lowest responsible bidder, since, as you state, its truck was better adapted to the particular use intended by the Court. This was a matter left to the sound discretion of the Commissioners' Court. Therefore, you are advised that the Commissioners' Court had the authority to award the contract under consideration to the Anderson-Weydell Motors, Inc. in the absence of fraud or an abuse of discretion. In view of our answer to your first question it is unnecessary to answer your remaining questions.

## SUMMARY

In awarding a contract to the "lowest responsible bidder" pursuant to the provisions of Article 2368a, Vernon's Civil Statutes, the Commissioners' Court may consider the quality of the product and its adaptability to the particular use required as well as the ability, capacity, and financial responsibility of the bidder. Mitchell v. Walden Motor, 235 Ala. 34, 177 So. 151 (1937).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:am

By John Reeves
John Reeves
Assistant